DAVIS, Judge.
Lennart Burde appeals the trial court’s order dismissing his counterclaim for lack of prosecution. Citizens National Bank of Naples, N.A., n/k/a AmSouth Bank of Florida, cross-appeals the trial court’s pri- or order denying the initial motion to dismiss. We affirm the prior order denying the dismissal, but reverse the subsequent order that dismissed Burde’s claim.
In October 1993, Citizens National Bank filed suit against Burde to foreclose a mortgage for nonpayment of a promissory note. Burde filed a counterclaim in 1994, alleging that the bank’s fraudulent activities contributed toward his nonpayment. In October 1994, the parties agreed to the *478 foreclosure, but also agreed to allow the counterclaim to remain pending. In late 1996, the bank moved to dismiss the counterclaim for lack of prosecution.
Pursuant to Florida Rule of Civil Procedure 1.420(e), Burde attempted to show good cause for his failure to prosecute the counterclaim. He filed an affidavit alleging that the parties had previously agreed to “stay” the proceedings related to the counterclaim pending resolution of a federal criminal investigation of bank officials. The bank denied that it had entered into any type of “standstill” agreement. Following an evidentiary hearing, the trial court ruled that the parties had agreed to hold the counterclaim in abeyance, and therefore the bank was estopped from moving to dismiss the counterclaim for lack of prosecution. Accordingly, on January 23, 1998, the trial court denied the motion to dismiss for lack of prosecution. Although the bank challenges this order in its cross-appeal, we cannot say that the court’s denial of the motion was an abuse of discretion, and we affirm that order.
On March 5, 1999, the bank renewed its motion to dismiss, again alleging lack of prosecution. The bank’s motion contained no new allegations. Burde did not file an affidavit attempting to show good cause for the lack of prosecution, or any other responsive pleading. On June 7, 1999, the trial court heard the renewed motion and, after reviewing the record, dismissed Burde’s counterclaim. Burde appeals this dismissal.
The parties do not dispute that no record activity occurred during the requisite one-year period. We note that Florida Rule of Civil Procedure 1.420(e), which governs the protocol used when a claimant fails to prosecute his or her claim, provides three exceptions to its ordinarily mandated dismissal: (1) when the court approves a stipulation from the parties staying the action; (2) when the trial court files a stay order; and (3) when a party shows good cause in writing at least five days before the hearing on why the action should remain pending. See id.
In this case, there was no written stipulation staying the cause of action. Likewise, Burde did not file a showing of good cause in writing at least five days before the hearing on the motion. However, Burde essentially argues that the trial court’s January 23, 1998, order should operate as a stay order. He contends that he reasonably relied on the trial court’s findings within the January 23, 1998, order, thus excusing his failure to prosecute the case or renew his showing of good cause in writing. The trial court’s January 23, 1998, order specifically states that “[t]he parties did agree to stay the prosecution pending the federal investigation.” Because the bank did not allege that the federal authorities completed their investigation, and did not notify Burde or the trial court that it intended to rescind its agreement to hold the claim in abeyance, Burde argues that the bank should again be estopped from denying that an agreement existed to hold the counterclaim in abeyance. We agree.
We reject the bank’s contention that the prior evidentiary hearing impliedly put Burde on notice that the standstill agreement no longer existed. Although the bank denied the existence of an agreement at the prior evidentiary hearing, the trial court determined that the agreement did exist. For the bank to rescind the judicially established agreement, it must give some subsequent, specific notice of its intent.
Because the bank’s motion failed to contain an allegation that the federal authorities had completed their investigation, or that the bank had given specific notification to Burde or the trial court that it intended to repudiate the agreement, Burde was entitled to rely on the prior ruling enforcing the parties’ agreement to hold the proceedings in abeyance pending resolution of the federal investigation.
*479 Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and FULMER, J., Concur.